UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #: _____                    │
│ DATE FILED: _05/02/2024_                   │
└─────────────────────────────────────────┘
```

In re Application of Rumiko Vernon for an Order
Pursuant to 28 U.S.C. § 1782 to Conduct
Discovery for Use in Foreign Proceedings,

24 Misc. 185 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On April 18, 2024, Petitioner, Rumiko Vernon, submitted an *ex parte* petition for an

order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a civil proceeding presently

pending before the Tokyo High Court in Tokyo, Japan (the "Petition").  Pet. ¶ 2, ECF No. 1; *see*

*also* Nazakato Decl. ¶¶ 1, 7–8, ECF No. 3-4.  Petitioner seeks permission to serve subpoenas on:

Navy Federal Credit Union; JPMorgan Chase Bank, N.A.; Pentagon Federal Credit Union; TD

Ameritrade, Inc.; and USAA Federal Savings Bank (together, the "Respondents").  Pet. ¶ 1.

Petitioner also seeks to proceed *ex parte*.  *Id.* ¶ 10.  For the following reasons, the Petition is

GRANTED.

DISCUSSION

I.      Legal Standard

"A district court has authority to grant a § 1782 application where: (1) the person from

whom discovery is sought resides (or is found) in the district of the district court to which the

application is made, (2) the discovery is for use in a foreign proceeding before a foreign or

international tribunal, and (3) the application is made by a foreign or international tribunal or any

interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations and

alterations omitted).  Courts routinely grant such petitions *ex parte*. *Gushlak v. Gushlak*, 486 F.

App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In determining whether to grant a § 1782(a) petition, the Court may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)) (internal quotation marks omitted).

II.     Analysis

A.  *Ex Parte* Proceeding

Courts routinely grant similar petitions *ex parte*.  Accordingly, Petitioner's request to proceed without serving the Petition on Respondents is GRANTED.  *Gushlak*, 486 F. App'x at 217.

B.  The Petition

Petitioner has met all three mandatory *Mees* requirements.  First, Petitioner avers that Respondents maintain offices and do business in this district.  Pet'r Mem. at 5–6, ECF No. 4; *see* ECF No. 3-6; *In re JSC BTA Bank*, 577 F. Supp. 3d 262, 266 (S.D.N.Y. 2021).  Second, Petitioner has established that she intends to use the discovery in an ongoing Japanese divorce proceeding.  Pet. ¶¶ 2, 6–7; Nakazato Decl. ¶¶ 2–5.  Under the plain text of § 1782, a foreign proceeding includes "a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a);

2

*Mees*, 793 F.3d at 299 ("[A]n applicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase her chances of success."). Third, Petitioner is a party to the foreign proceeding. Pet. ¶ 2; Nakazato Decl. ¶¶ 3, 6.

Each of the discretionary factors also weigh in favor of granting the Petition. First, Respondents are not participants in the Japanese proceeding. Nakazato Decl. ¶ 10. Second, Petitioner provides evidence that Japanese civil procedure contemplates the introduction of foreign evidence, Nakazato Decl. ¶¶ 8–9, and there is no "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782," *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995). Third, there is no evidence that Petitioner is attempting to circumvent any proof-gathering restrictions imposed by Japanese law or otherwise seeking the discovery in bad faith; indeed, the Japanese court inquired specifically into "what assets were held by" Petitioner's ex-husband as of the date of the divorce, Nakazato Decl. ¶ 5. Finally, the subpoenas Petitioner proposes are narrowly tailored "to the specific dates of the parties' separation and legal divorce," and are not unduly intrusive or burdensome. Pet'r Mem. at 9; *see* ECF No. 3-2.

### CONCLUSION

For the reasons stated above, the Petition is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 1 and to close the case.

SO ORDERED.

Dated:  May 2, 2024
        New York, New York

_____
ANALISA TORRES
United States District Judge